UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bobbie Scales,                                                            Case No. 3:25-cv-343

          Plaintiff,

v.                                                                                    ORDER

Discover Financial Services,

          Defendant.

On January 14, 2025, Plaintiff Bobbie Scales, acting *pro se*, filed this action in the Erie County, Ohio Court of Common Pleas asserting claims based on a disputed debt claimed by Defendant Discover Financial Services in the amount of $6,611.63. (Doc. No. 1-2 at 2-6). Discover was served with the Summons and Complaint on January 22, 2025. (*Id.* at 34-35).

Because Scales asserted a claim under the Fair Debt Collections Practices Act ("FDCPA"), (*Id.* at 4), Discover invoked this court's original federal question jurisdiction, *see* 28 U.S.C. § 1331, and removed this case to federal court on February 19, 2025. (Doc. No. 1). On February 26, 2025, Discover filed its Answer to the Complaint. (Doc. No. 4). Scales subsequently filed numerous motions and other documents faulting Discover's actions and contents of its Answer and Notice of removal. (Doc. Nos. 5, 6, 7, 8, 9, 13, 14, and 15).

I address first Scales's motion for default judgment and related motion to remand this case to state court because of the alleged default. (Doc. Nos. 8 and 9). Both of these motions are based on her belief that February 18, 2025 was 28 days after January 22, 2025. Her math is incorrect. February 19, 2025 was 28 days after January 22, 2025. Therefore, when Discover removed this

action on February 19, 2025, it was not in default under Ohio law. Accordingly, I deny both motions premised entirely on this incorrect statement of fact. As Scales herself stated in her response to the removal, this case was "properly removed." (Doc. No. 12-1 at 2).

Second, Scales asks that her residential address be stricken from Discover's Answer. (Doc. No. 5). Local Rule 8.1(a) sets forth a list of personal identifiers, which shall be excluded or redacted from pleadings. The residential address of a party is not one of the items included on this list, and I am not convinced striking any mention of Scales's address is warranted here. Therefore, I deny this motion without prejudice.

Finally, Scales's challenges Discover's substitution of "Discover Bank" for "Discover Financial Services" through its Notice of Removal. There, Discover explained:

> The Complaint identifies the Defendant as Discover Financial Services, which, though not alleged in the Complaint, happens to be the parent company for Discover Bank. Although the Complaint itself does not identify Discover Bank, it is Discover Bank—and not its parent company Discover Financial Services—who would have issued the credit card that appears to be at issue in the Complaint. Per the Complaint, "Plaintiff disputes the validity of an alleged debt claimed by Defendant in the amount of $6,611.63." The "alleged debt" is believed to have been a credit card balance for a Discover Bank credit card in Plaintiff's name.

(Doc. No. 1 n.1). Scales ask that I "[d]eny Discover Bank's attempt to substitute itself as the sole defendant," "[h]old that Discover Financial Services remains a proper defendant," and grant her motion for limited discovery "to uncover DFS's corporate role in handling disputes." (Doc. No. 7 at 4; *see also* Doc. No. 6).

In opposition to Scales's motion and objection related to this matter, Discover advises of a related action Discover Bank filed against Scales in the Erie County, Ohio Court of Common Pleas on November 19, 2024, seeking payment for a debt in the same amount. (*See* Doc. No 11-1). After this action was removed, Scales filed her Answer to Discover Bank's Complaint and included in it counterclaims against Discover Bank, including a similar FDCPA claim that she sought to bring against Discover Financial Services through her Complaint. (Doc. No. 11-2). Discover Bank filed

2

an Answer to Scales's Counterclaims on April 1, 2025. *See Discover Bank v. Scales*, No. 2024 CV 0544 (C.P. Erie Cnty.).

Because Scales is proceeding with her claims against Discover Bank in the Erie County Court of Common Pleas, I grant her request that the sole Defendant in this action be considered Discover Financial Services. But I deny her motion to strike all filings made by or on behalf of Discover Bank and deny her motion to enter default against Discover Financial Services. (Doc. No. 13). Even if "Discover Financial Services" was arguably in default, I find "good cause" exists to set aside an entry of default because counsel for the Discover entities responded on behalf of the entity he believed Scales sought to sue: the subsidiary of Discover Financial Services who issued the card at issue in this case. *See* Fed. R. Civ. P. 55(c). With this, I grant Discover's request for leave to file instanter its Answer, (Doc. No. 16 at 10), and direct the Clerk to file the proposed Answer of Discover Financial Services attached to that request. (Doc. No. 16-1).

Having resolved all outstanding motions, I now turn to next steps. In one of its opposition briefs, Discover Bank stated, "if . . . Scales had intended to sue 'Discover Financial Services' as an entity distinct from Discover Bank, Discover Financial Services could simply move for judgment on grounds that it was a total stranger to Scales (in that her relationship was with its subsidiary Discover Bank)." (Doc. No. 11 at 5). Similarly, in its proposed Answer, Discover Financial Services raises several defenses, including a lack of subject matter jurisdiction, which may be raised in a motion for judgment on the pleadings under Rule 12(c). (*See* Doc. No. 16-1). Discover Financial Services also raises defenses which may give to a motion to stay. (*Id.*).

Because of the possibility that Discover Financial Services will seek to file a motion for judgment on the pleadings, a motion to stay, or both, and because any such motion would render moot any deadlines set at this time, I decline to set a case management schedule. Instead, I ask that, if Discover Financial Services finds it appropriate to file such a motion at this stage in the litigation

before discovery has commenced, it do so on or before May 23, 2025. By June 25, 2025, Scales should file a brief in opposition any motion filed by Discover Financial Services. And Discover Financial Services should then file any reply no later than July 11, 2025. This reply concludes briefing on any such motion, and no supplements or sur-replies may be filed unless I specifically order a party to do so. In briefing the motion or motions, no motion, opposition, or reply brief may exceed twenty (20) pages in length.

After May 23, 2025, if Discover Financial Services has not filed a motion for judgment on the pleadings or a motion to stay, I will determine next steps in this action. If Discover Financial Solutions does file such a motion, this case will be stayed pending adjudication of the motion or motions.

Finally, because of the volume of repetitive and largely meritless filings thus far, I conclude it is necessary to impose a filing restriction. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Therefore, in the interest of judicial economy, I now order that until further Order of the Court, no party may file any motion or brief other than those I have specifically authorized. This prohibition applies to documents which are arguably motions and briefs such as objections and supplemental statements. Any motion filed in violation of this Order will be denied or stricken, and any other document filed in violation of this Order will not be considered but may be stricken.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4